DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**RICHIE KITTLES,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D21-3168

[February 22, 2023]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Dennis D. Bailey, Judge; L.T. Case No. 17-14780CF10A.

Carey Haughwout, Public Defender, and Erika Follmer, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Pablo Tapia, Assistant Attorney General, West Palm Beach, for appellee.

FORST, J.

Appellant Richie Kittles ("Defendant") challenges his plea agreement relating to charges of trafficking in fentanyl, possession of cocaine, and possession of cannabis with intent to sell. Defendant appeared *pro se* in the trial court, and argues on appeal, through counsel, that his plea was involuntary as a matter of law because his waiver of counsel in the trial court was inadequate.

A plea agreement entered into by a *pro se* defendant who improperly waived their right to counsel is involuntary as a matter of law. *State v. T.G.*, 800 So. 2d 204, 213 (Fla. 2001). However, to challenge the voluntariness of a plea agreement on appeal, the defendant is required to have first filed a motion to withdraw plea. *State v. Dortch*, 317 So. 3d 1074, 1084 (Fla. 2021); Fla. R. App. P. 9.140(b)(2)(A)(ii)c. Here, Defendant did not file a motion to withdraw plea prior to filing the instant appeal and, per *Dortch*, an argument of fundamental error is insufficient to exempt Defendant from the requirement of a timely filed pre-appeal motion to withdraw plea. *Dortch*, 317 So. 3d at 1081–82.

We reject Defendant's reliance on *T.G.*, which exempts juveniles from the requirement of filing a motion to withdraw plea. The Florida Supreme Court made clear in *Dortch* that *T.G.* should not be used for "creating ad hoc exceptions" to rule 9.140(b)(2)(A)(ii)c. *Dortch*, 317 So. 3d at 1083 ("[N]o matter how emphatically a court stresses that its reasoning is good-for-one-case-only, every exception begets demands for more."). *T.G.* is a "narrowly drawn and extremely limited exception" that applies only to juveniles because of the "unique concern for juveniles who enter pleas without the benefit of counsel." *T.G.*, 800 So. 2d at 213. Defendant is not a juvenile so, as in *Dortch*, *T.G.* "is easily distinguishable." *Dortch*, 317 So. 3d at 1083.

We therefore affirm Defendant's sentence but do so without prejudice to Defendant raising his claims in a Florida Rule of Criminal Procedure 3.850 motion. *See Melendez v. State*, 339 So. 3d 498, 501 (Fla. 2d DCA 2022).

*Affirmed.*

DAMOORGIAN and GERBER, JJ., concur.

\*　　　\*　　　\*

***Not final until disposition of timely filed motion for rehearing.***

2